Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La parte Demandante-Apelante recurre contra sentencia emitida el 18 de agosto de 1997 por el Tribunal Primera Instancia, Sala Superior de Carolina, mediante la cual se desestimó demanda de daños y perjuicios presentada contra la Autoridad de Acueductos y Alcantarillados y su aseguradora General Accident Insurance Co., por el fundamento de que la Autoridad de Acueductos y Alcantarillados era patrono estatutario y como tal estaba inmune a la reclamación instada en su contra, conforme dispone la ley del Fondo del Seguro del Estado (F.S.E.), 11 L.P.R.A. 20.
Antecedentes
El 3 de agosto de 1995 el Sr. Eusebio Ocasio Pizarro sufrió una caída en las facilidades de la planta de filtración de la Autoridad de Acueductos y Alcantarillados ubicada en Canóvanas, mientras se desempeñaba como guardia de seguridad, empleado por la firma St. James Security Services, Inc. (St. James Security), a su vez contratada por la Autoridad de Acueductos y Alcantarillados (A.A.A.) para prestar servicios de vigilancia en las referidas facilidades. Dado que St. James Security tenía su personal asegurado con póliza expedida por el Fondo del Seguro del Estado (F.S.E.), el Sr. Eusebio Ocasio Pizarro fue tratado y compensado conforme a derecho, por el F.S.E.
Luego de recibir tal tratamiento y compensación el obrero lesionado, Sr. Eusebio Ocasio Pizarro, su esposa Carmen Milagros Vélez Dávila y la sociedad de gananciales compuesta por ambos, presentaron demanda en daños y perjuicios contra la Autoridad de Acueductos y Alcantarillados y su compañía aseguradora, General Accident Insurance Company of Puerto Rico Limited (General *867 Accident). En síntesis, alegaron que la causa única y directa de la caída se debió a la negligencia de la A.A.A. por mantener un pasillo "sin adecuado mantenimiento, mojado, sin baranda, protección o aviso de clase alguna para las personas que tienen que transitar y utilizar el mismo".
La parte demandada contestó levantando como defensa afirmativa, entre otras, inmunidad bajo la Ley del Fondo del Seguro del Estado por ser patrono estatutario. Las partes realizaron descubrimiento de prueba y celebraron Conferencia con Antelación al Juicio. Luego de ello, la parte demandada-apelada presentó moción de sentencia sumaria al amparo de la Regla 36 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. Ill) a la cual la Demandante-Apelante se opuso.
El 18 de agosto de 1997 el Tribunal de Primera Instancia, Sala Superior de Carolina, dictó sentencia declarando con lugar la solicitud de sentencia sumaria y desestimó la demanda, al entender que la A.A.A. estaba inmune a la reclamación instada en su contra, por ser un patrono estatutario. Específicamente resolvió que la A.A.A. contrató los servicios de St. James Security, patrono directo del demandante, le requirió que obtuviera póliza del F.S.E. para los empleados que trabajaran como guardias de seguridad, en sus predios y la A.A.A. fue también quien pagó por la póliza, como parte de lo que pagó a St. James Security por el servicio contractual.
Inconforme, acude la parte demandante en la apelación del epígrafe. Sostiene que erró el Tribunal de Instancia al aplicar la doctrina del patrono estatutario y al resolver mediante sentencia sumaria la demanda.
Exposición y Análisis
I. Patrono Estatutario
La parte Demandante-Apelante argumenta que la A.A.A. es un tercero responsable de los daños sufridos por el obrero lesionado e invoca como fuente y fundamento a su reclamo, lo dispuesto en el Artículo 31 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. § 32, que en lo pertinente dispone:

"En los casos en que la lesión, enfermedad profesional o la muerte que dan derecho de compensación al obrero, empleado o sus beneficiarios, de acuerdo con este Capítulo, le hubiere provenido bajo circunstancias que hicieren responsable a tercero de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios del tercero responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha en que fuere firme la resolución del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción."

De acuerdo a este artículo, en caso de que un tercero fuere responsable de la lesión del obrero asegurado bajo la póliza del F.S.E., éste podrá reclamar y obtener daños y perjuicios del tercero responsable de la lesión, en adición a los servicios y compensación recibida del F.S.E.
De otro lado, la A.A.A. sostiene que está inmune frente a la acción de daños y perjuicios instada por el obrero lesionado, por razón de que es un "patrono estatutario" a tenor con el Artículo 19 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. § 20. Dicho artículo dispone que:

"Todo patrono asegurado al dar cuenta con sus nóminas anuales, deberá incluir en tales nóminas los salarios pagados a todos los obreros y empleados que estuvieren trabajando o fuere a emplear bien por ajuste, o ya bajo una persona con quien ajustó el patrono o bajo un contratista o subcontratista independiente empleado o contratado por dicho patrono, y toda cuenta, o impuesto cobrado por el estado se basará sobre la nómina corriente del patrono, en las cuales deberán estar incluidos los trabajadores antes mencionados; Disponiéndose, que esta disposición no será aplicable a los patronos para quienes se hiciere trabajo por un contratista independiente que estuviere asegurado como patrono de acuerdo con las disposiciones de este Capítulo."

El artículo 19 antes citado engendra la doctrina del "patrono estatutario" al disponer que en todo *868 caso que el subcontratista cubra con póliza del F.S.E. a sus empleados, el contratista principal estará también cubierto, por ser quien en última instancia pagó la póliza del F.S.E. Al primero se le llama patrono directo y al segundo patrono estatutario. La razón para ello descansa en que si se impusiera responsabilidad al patrono estatutario por la compensación del obrero lesionado del contratista, aun cuando éste estuviese asegurado con el F.S.E., se concedería a los empleados del contratista o subcontratista más derecho que los empleados del principal, pues se tendría derecho no sólo a reclamar de su patrono inmediato (directo) sino también del principal; situación que sería contraria a la intención legislativa.
Nos corresponde entonces determinar si la A.A.A. es un "tercero” responsable del daño o lesión sufrida por el obrero y por ello susceptible de ser demandado por daños y perjuicios o si por el contrario es un "patrono estatutario" exento por la póliza del F.S.E. Ello conlleva estudiar las relaciones contractuales entre la A.A.A. y St. James Security, si concluido el análisis no existiera un "nexo jurídico que relacionajra] al patrono directo del obrero con el causante de la lesión en la 'obligación legal común' de asegurar al empleado con el Fondo, estar[íamos] ante el 'tercero' desprovisto de la protección estatutaria contra demandas de obreros lesionados en el trabajo".
En el presente caso, aun de las propias alegaciones del apelante surge que la A.A.A. es un patrono "estatutario". La A.A.A. era el patrono principal del obrero lesionado y St. James Security era el patrono inmediato o contratista; que aunque pagó por la póliza lo hizo con parte de la compensación contractual recibida de la A.A.A. por el servicio prestado. Por lo tanto, el Artículo 19 de la Ley de Compensaciones por Accidentes del Trabajo es el que cobija a la A.A.A. y no el Artículo 31, que es el que aplica a los "terceros" responsables, cuando no existe tal relación económica. Véase Vda. de Costas v. P.R. Olefins, 107 D.P.R. 728 (1978). En Torres Solís v. Aut. de Energía, 136 D.P.R. _ (1994), 94 J.T.S. 89, pág. 12035, a tal respecto se resolvió a la pág. 12039:
"... si un demandado es o no 'patrono estatutario' conlleva examinar las relaciones contractuales entre éste y el patrono real de los obreros. Vda. de Costas v. P.R. Olefins, supra. En ausencia de ese nexo jurídico que relaciona al patrono directo del obrero con el causante de la lesión en la 'obligación legal común' de asegurar al empleado con el Fondo, estaremos ante el 'tercero' desprovisto de la protección estatutaria contra demandas de obreros lesionados en el trabajo. (Enfasis en el original). Santiago Hodge v. Parke Davis Co., supra; Ruiz Díaz v. Vargas Reyes, supra."
II. Sentencia Sumaria
El propósito de la moción de sentencia sumaria es "propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo tanto, no ameritan la celebración de un juicio en su fondo". Hurtado Latre v. Osuna, 138 D.P.R. _ (1995), 95 J.T.S. 98, a la pág. 1065; Worldwide Food v. Alberic Colón, 134 D.P.R. _ (1993), 93 J.T.S. 114, a la pág. 10966; González v. Alicea, 133 D.P.R. _ (1993), 93 J.T.S. 16, a la pág. 10380. Para dictar sentencia sumaria en tales casos es necesario que de los documentos no controvertidos surja que no existen controversias de hechos, y que lo que resta es aplicar el derecho. Caquías Mendoza v. Asoc. Residentes Mansiones de Río Piedras, 135 D.P.R. _ (1993), 93 J.T.S. 127, a la pág. 11079.
Al considerar la moción de sentencia sumaria el tribunal presumirá ciertos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. PFZ Properties, Inc. v. General Accident, 138 D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 125. Por ello, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. A tal respecto la Regla 36.5 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.5, en lo pertinente dispone que:
"Cuando se presente una moción solicitando que se dicte sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que vendrá obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo aquellos hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. De no hacerlo así, se dictará en su contra la sentencia sumaria si *869 procediere."
No obstante, aun cuando el promovido no presente evidencia que ponga en controversia la presentada por la parte promovente, no significa que por eso procederá la sentencia sumaria. PFZ Properties, Inc. v. General Accident, supra. Es necesario que el tribunal analice los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del Tribunal y determine si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal deberá denegar la solicitud de sentencia sumaria si concluido ese análisis existen hechos controvertidos o alegaciones que no han sido refutadas o surge de los propios documentos que se acompañan con la moción controversia real sobre algún hecho o como cuestión de derecho no procede. PFZ Properties, Inc. v. General Accident, supra.
Dictamen
Conforme a lo señalado, no es necesario postergar más el dictamen en esta causa, por lo que se confirma la sentencia sumaria recurrida. El obrero, Sr. Eusebio Ocasio Pizarro, al momento de ocurrir el accidente en su lugar de trabajo, estaba cubierto por la póliza del Fondo del Seguro del Estado, pagada directamente por su patrono Sr. James Security Services, Inc. e indirectamene por la Autoridad de Acueductos y Alcantarillados. La primera era su patrono directo y la segunda su patrono estatutario. Tal determinación afecta de igual forma y manera a las co-demandantes, Sra. Carmen Milagros Vélez (esposa del obrero) y a la sociedad de gananciales por ambos constituida.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General